**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JONATHAN FORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. _____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KRYSTAL BIOTECH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Jonathan Forman, ("Forman" or "Plaintiff"), by and through his undersigned attorneys, hereby submits his Complaint against Krystal Biotech, Inc. ("Krystal Biotech"), alleging as follows:

## INTRODUCTION

1. This is an action to correct inventorship under 35 U.S.C. § 256 with respect to U.S. Patent No. 10,829,529 ("the '529 patent"), a true and correct copy of which is attached hereto as Exhibit 1, and U.S. Patent No. 12,522,636 ("the '636 patent"), a true and correct copy of which is attached hereto as Exhibit 2.

2. Forman is at least a joint, if not the sole, inventor of the '529 patent and the '636 patent. He conceived of and made significant contributions to important aspects and features of the whole of the inventions claimed in at least claim 1 of the '529 patent and claim 1 of the '636 patent. Through error, Forman is not and has never been properly named as an inventor of the '529 patent or the '636 patent. Correction of inventorship for both patents is warranted to address this error.

## THE PARTIES

3. Plaintiff Forman is a resident of the State of California.

4.    Forman received a commission in the United States Marine Corps in 2000.  After obtaining a B.A. in Philosophy from the University of Chicago in 2000 and following a rigorous selection process, Forman joined an elite United States Marine Corps Force Reconnaissance unit. After serving as a Force Reconnaissance Marine, including two tours in Iraq during Operation Iraqi Freedom, Forman received an honorable discharge with the Rank of Captain in 2007.  Forman received several awards during his service in the Marine Corps, including the Navy and Marine Corps Commendation Medal, and the Navy and Marine Achievement Medal.

5.    Following his honorable discharge, Forman joined a well-known, global financial firm, where he remained through 2010.  During this time, Forman gained extensive knowledge and expertise in the biotechnological sciences and the business of biotechnology investing.

6.    Forman then joined a private firm focused on investment in healthcare and life sciences in 2011.  During his tenure there, until 2016, Forman gained additional extensive knowledge and expertise in the biotechnological sciences and the business of biotechnology investing, including advising portfolio companies on potential new indications for existing therapeutic platforms.

7.    Following his departure in 2016, Forman joined another well-known, global financial firm as a Portfolio Manager, where he led healthcare strategy.  Through 2023, in this role, Forman continued to gain additional extensive knowledge and expertise in biotechnological science and the business of biotechnology investing, including in AAV and HSV vector delivery technologies.

8.    After his departure, with more than 15 years of experience in the biotechnology industry, Forman formed his own dedicated healthcare investment fund in 2026, through which he currently manages approximately $700 million in biotechnology investments.

9.     On information and belief, Krystal Biotech is a Delaware corporation with offices in California and/or Pennsylvania.

10.     On information and belief, Krystal Biotech states that its "mission is to develop and deliver genetic medicines to patients using redosable gene therapies for the treatment of severe, life-threatening or rare diseases that have limited or no approved therapies."

11.     On information and belief, Krystal Biotech is developing KB407, which uses HSV-1 to deliver cystic fibrosis transmembrane conductance regulator via nebulizer to the lungs and is intended for one or more indications for the treatment of cystic fibrosis.  On information and belief, KB407 is an embodiment of the '529 patent and the '636 patent.

## JURISDICTION AND VENUE

12.     This is an action for correction of inventorship under 35 U.S.C. § 256. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is incorporated in Delaware and conducts substantial business in Delaware.

14.     Venue is proper in this Court under at least 28 U.S.C. §§ 1391(b) and 1391(c). Defendant is a Delaware corporation and therefore resides in Delaware pursuant to 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND AND NATURE OF ACTION

15.     At all relevant times, Forman communicated directly with Krystal Biotech.

16.     At all relevant times, Forman leveraged his extensive knowledge and expertise in the biotechnological sciences and business of biotechnology investing to identify new uses for companies' therapeutic technologies to enhance their value.

17.      Forman scheduled a meeting with Krystal Biotech, including Mr. Krish Krishnan, to occur on or about November 2018.

18.    Prior to the meeting, Forman conceived a new use (treatment of cystic fibrosis) and new method of delivery (inhalation of nebulized HSV-1 vector encoding the CFTR polypeptide) for HSV-1 vector technology.

19.    Prior to the meeting, Forman was knowledgeable regarding, among other things, HSV-1 vector technology and then-known applications of it.  Forman was aware that treatment of cystic fibrosis was a largely unmet medical need and cystic fibrosis is considered an orphan disease because it affects fewer than 200,000 people in the U.S.  Forman was knowledgeable that administering the CFTR gene to cystic fibrosis patients presented an unsolved problem because, among other things, the CFTR gene was too large a payload for existing Adeno-Associated Virus (AAV) technologies.

20.    Prior to the meeting, Forman conceived the idea of treating cystic fibrosis by loading the CFTR gene into an HSV-1 vector and administering the HSV-1 vector via inhalation to patients, thereby permitting the HSV-1 vector to infect the epithelial cells in the lung and deliver the CFTR gene.  Forman also conceived the idea of using a nebulizer to deliver HSV-1 vector to the lungs of patients with cystic fibrosis.

21.    On or about November 2018, at a meeting held during a biotechnology investor conference in Boston, Forman and a colleague met with Krystal Biotech, specifically, Mr. Krishnan.  During the meeting, Forman shared his ideas with Mr. Krishnan. Forman's colleague took contemporaneous notes of that conversation, corroborating both Forman's contribution and the collaboration by Forman and Mr. Krishnan in conceiving the subject matter of what Krystal Biotech claimed in at least claim 1 of the '529 patent and claim 1 of the '636 patent.  Claim 1 of the '529 patent provides:

> A method of providing prophylactic, palliative, or therapeutic relief of one or more signs or symptoms of cystic fibrosis in a subject in need thereof, the method

comprising administering to the subject an effective amount of a pharmaceutical composition comprising:

(a) a herpes virus comprising a recombinant herpes virus genome, wherein the recombinant herpes virus genome comprises one or more polynucleotides encoding a CFTR polypeptide; and

(b) a pharmaceutically acceptable excipient,

wherein the one or more polynucleotides encoding a CFTR polypeptide are operably linked to a promoter,

wherein the one or more polynucleotides encoding a CFTR polypeptide are expressed from the recombinant herpes virus genome to effect a measurable improvement in or prevention of the one or more signs or symptoms of cystic fibrosis, and

wherein the pharmaceutical composition is administered to the subject using a nebulizer.

Claim 1 of the '636 patent provides:

A pharmaceutical composition useful for delivery of one or more polynucleotides encoding a cystic fibrosis transmembrane conductance regulator (CFTR) polypeptide to the airways of a subject comprising:

(a) a replication defective herpes simplex virus type 1 (HSV-1) comprising a recombinant HSV-1 genome, wherein the recombinant HSV-1 genome comprises the one or more polynucleotides encoding the CFTR polypeptide; and

(b) a pharmaceutically acceptable excipient,

wherein the pharmaceutical composition is formulated in a vibrating mesh nebulizer,
wherein the one or more polynucleotides encoding the CFTR polypeptide are operably linked to a promoter,

wherein the recombinant HSV-1 genome comprises an inactivating mutation in or both copies of the Infected Cell Protein (ICP) 4 herpes simplex virus gene and an inactivating mutation in the ICP22 herpes simplex virus gene, and

wherein the recombinant HSV-1 genome does not comprise an inactivating mutation in an ICP27 herpes simplex virus gene.

5

22.    Forman conceived of or contributed to the conception of all or substantially all of the invention claimed in claim 1 of the '529 patent.

23.    Forman conceived of or contributed to the conception of all or substantially all of the invention claimed in claim 1 of the '636 patent.

24.    Discussions and/or collaboration between Forman and Mr. Krishnan continued after the November 2018 meeting regarding the inventions claimed in claim 1 of the '529 patent and claim 1 of the '636 patent.  For example, on the evening of November 28, 2018, Mr. Krishnan wrote Forman: "Will revert on CF.  So the gene itself is 189 kb, but most of that is introns.  The actual coding sequence for the protein is 4,440 base pairs.  Well in range!"  And a few hours later, in response to Forman's suggestion that a "1% royalty will be fine," Mr. Krishnan responded: "Have better than 1% idea.  Will revert once I get some details worked out."

25.    Additional communications and collaboration between Forman and Krishnan occurred thereafter, including, for example, an in-person meeting on or about April 2019 in San Francisco.

26.    On information and belief, documents and materials within the possession of Krystal Biotech will further corroborate Mr. Forman's conception of, and/or contribution to the conception of all, or substantially all, of the inventions claimed in claim 1 of the '529 patent and claim 1 of the '636 patent.  Such documents and materials include: Mr. Krishnan's electronic communications (including emails, text messages, and the like) with others (including but not limited to Trevor Parry, Suma Krishnan and Pooja Agarwal); and documents and materials reflecting Krystal Biotech's research and development of KB407, including but not limited to electronic communications, lab notebooks, notes, and presentations.

27. On information and belief, unbeknownst of Forman and subsequent to Forman's disclosure of his ideas to Mr. Krishnan, Krystal Biotech drafted a patent application to cover what Forman conceived and disclosed to Mr. Krishnan.

28. Krystal Biotech filed U.S. Provisional Application No. 62/802,871 ("the '871 provisional") on February 8, 2019, approximately two and a half months after the meeting between Forman and Krystal Biotech.

29. The '871 provisional listed Trevor Parry, Suma Krishnan, Pooja Agarwal, and Krish Krishnan as inventors, but omitted Forman.

30. On February 7, 2020, Krystal Biotech filed U.S. Patent Application No. 16/784,599 ("the '599 application"), which claimed priority to the '871 provisional.

31. The '599 application, filed by Krystal Biotech, listed Trevor Parry, Suma Krishnan, Pooja Agarwal, and Krish Krishnan as inventors, but omitted Forman.

32. On November 6, 2020, Krystal Biotech filed U.S. Patent Application No. 17/092,119 ("the '119 application"), which claimed priority to the '871 provisional.

33. The '119 application, filed by Krystal Biotech, listed Trevor Parry, Suma Krishnan, and Pooja Agarwal as inventors, but omitted Forman.

34. Forman was unaware of Krystal Biotech's efforts to patent the subject matter that he conceived of, shared with, discussed in detail with, and disclosed to Mr. Krishnan. Specifically, Forman was unaware that Krystal Biotech filed the '871 provisional on February 8, 2019. On information and belief, Mr. Krishnan intentionally refrained from telling Forman about Krystal Biotech's efforts to patent Forman's idea. For example, in early May 2019—months *after* filing the '871 provisional—Forman specifically asked Mr. Krishnan about Krystal Biotech's efforts to

patent "CFTR-HSV1." Mr. Krishnan responded: "Have not talked to my lawyer." Forman relied upon Mr. Krishnan's material omissions and incorrect representations to his detriment.

35. Forman later learned that Krystal Biotech filed patent applications covering his invention, including the '871 provisional and '599 application. His omission as an inventor on those applications and any related applications, including the '119 application, was an error. Forman attempted to resolve the error with Krystal Biotech, but no resolution was reached. On information and belief, Krystal Biotech does not acknowledge that Forman's omission as an inventor is an error.

36. The U.S. Patent and Trademark Office Examiner issued a Notice of Allowance for the '599 application on September 18, 2020, which resulted in the '529 patent.

37. On September 25, 2020, Krystal Biotech submitted Request under 37 C.F.R. 1.48 for "correction of inventorship," to strike Mr. Krishnan's name as an inventor on the '529 patent.

38. The United States Patent and Trademark Office accepted that "correction" on September 29, 2020, and the '529 patent ultimately issued on November 10, 2020, listing only Trevor Parry, Suma Krishnan, and Pooja Agarwal as inventors, and improperly omitting Forman.

39. That supposed "correction" did not, however, correct inventorship; rather, on information and belief, it was a strategic move to distance Krystal Biotech from Forman's claims to inventorship.

40. The U.S. Patent and Trademark Office Examiner issued a Notice of Allowance for the '119 application on January 13, 2026, which resulted in the '636 patent.

41. On information and belief, Krystal Biotech has engaged in similar conduct in previous instances involving others. On information and belief, Krystal Biotech has exhibited a pattern of conduct showing motive, intent, preparation, plan, absence of mistake and/or lack of

8

accident in previously representing that its employees, including but not limited to Krish Krishnan and Suma Krishnan, invented subject matter that those employees did not themselves invent, but instead, learned from others.  For example, in *Periphagen, Inc. v. Krystal Biotech, Inc., Krish S. Krishnan, and Suma Krishnan*, Case No. 20-646 (W.D. Pa.), the plaintiff sought to correct inventorship of four patents assigned to Krystal Biotech because, *inter alia*, Krystal Biotech erroneously omitted one or more individuals as named inventors, while simultaneously naming only individuals affiliated with Krystal Biotech as inventors.  On information and belief, and according to publicly available documents, in 2022, Krystal Biotech settled that case for an upfront payment of $25 million, with up to an additional $50 million if certain milestones are met.

**COUNT I**
**(Correction of Inventorship of U.S. Patent No. 10,829,529)**

42.  The allegations in Paragraphs 1 through 41 above are incorporated herein by reference.

43.  The '529 patent is assigned on its face to Krystal Biotech and incorrectly lists Trevor Parry, Suma Krishnan, and Pooja Agarwal as the only inventors.

44.  On information and belief, if approved and commercially marketed in the United States, the clinical use of Krystal Biotech's KB407 would be covered by at least claim 1 of the '529 patent.

45.  Forman has an economic interest in being named as a co-inventor on the '529 patent, at least including a royalty as referenced by Mr. Krishnan.

46.  Forman has additional pecuniary and reputational interests in being named as a co-inventor on the '529 patent, including goodwill in being properly named as an inventor.

47.  Forman conceived and made significant contributions to important aspects and features of whole of the invention claimed in at least claim 1 of the '529 patent.  His discussion,

disclosure and/or collaboration with Krystal Biotech occurred during an in-person meeting on or about November 2018, between Forman and Krystal Biotech.  His discussion, disclosure and/or collaboration with Krystal Biotech continued thereafter.

48.     As part of his discussions, disclosure and/or collaboration with Krystal Biotech, including meetings and correspondence with Mr. Krishnan, Forman contributed substantially, if not entirely, to the total inventive concept that is claimed in at least claim 1 of the '529 patent.

49.     Forman is the sole inventor or at least a joint inventor of the '529 patent.

50.     Through error, Forman is not named as an inventor of the '529 patent.  That error should be corrected.

## COUNT II
### (Correction of Inventorship of U.S. Patent No. 12,522,636)

51.     The allegations in Paragraphs 1 through 50 above are incorporated herein by reference.

52.     The '636 patent is assigned on its face to Krystal Biotech and incorrectly lists Trevor Parry, Suma Krishnan, and Pooja Agarwal as the only inventors.

53.     On information and belief, if approved and commercially marketed in the United States, the clinical use of Krystal Biotech's KB407 would be covered by at least claim 1 of the '636 patent.

54.     Forman has an economic interest in being named as a co-inventor on the '636 patent, at least including a royalty as referenced by Mr. Krishnan.

55.     Forman has additional pecuniary and reputational interests in being named as a co-inventor on the '636 patent, including goodwill in being properly named as an inventor.

56.     Forman conceived and made significant contributions to important aspects and features of whole of the invention claimed in at least claim 1 of the '636 patent.  His discussion,

disclosure and/or collaboration with Krystal Biotech occurred during an in-person meeting on or about November 2018, between Forman and Krystal Biotech.  His discussion, disclosure and/or collaboration with Krystal Biotech continued thereafter.

57.    As part of his discussions, disclosure and/or collaboration with Krystal Biotech, including meetings and correspondence with Mr. Krishnan, Forman contributed substantially, if not entirely, to the total inventive concept that is claimed in at least claim 1 of the '636 patent.

58.    Forman is the sole inventor or at least a joint inventor of the '636 patent.

59.    Through error, Forman is not named as an inventor of the '636 patent.  That error should be corrected.

## <u>DEMAND FOR JURY TRIAL</u>

Forman demands a trial by jury on all issues triable to a jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Jonathan Forman respectfully requests that this Court:

(1) Determine that Jonathan Forman is the sole inventor or a joint inventor of U.S. Patent No. 10,829,529;

(2) Order the United States Patent and Trademark Office to correct inventorship of U.S. Patent No. 10,829,529 by adding Jonathan Forman as an inventor;

(3) Determine that Jonathan Forman is the sole inventor or a joint inventor of U.S. Patent No. 12,522,636;

(4) Order the United States Patent and Trademark Office to correct inventorship of U.S. Patent No. 12,522,636 by adding Jonathan Forman as an inventor;

11

(5) Declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award

Jonathan Forman his costs, expenses, and reasonable attorneys' fees incurred in this

action; and

(6) Grant Jonathan Forman such other relief as this Court finds just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

T.O. Kong
Nana Liu
Daniela Glaser
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
POPEO, P.C.
44 Montgomery Street
San Francisco, CA 94104
Tel:  (415) 432-6000

Adam P. Samansky
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000

Dated: May 29, 2026
12949518 / 26141.00001

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Tyler E. Cragg (#6398)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
tcragg@potteranderson.com
psabini@potteranderson.com

*Attorneys for Plaintiff Jonathan Forman*

12